UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MONICA BIRCH-MIN and** : <br> **AUNG MIN** : <br>    : <br>    **Plaintiffs,** : <br>    : <br> v.   : <br>    : <br> **MIDDLESEX COUNTY BOARD** : <br> **OF SOCIAL SERVICES, PLAINSBORO** : <br> **POLICE DEPARTMENT, ADULT** : <br> **PROTECTIVE SERVICES AND** : <br> **DOES 1 through 100, inclusive** : <br>    : <br>    **Defendants.** : <br> _____ : | Civil Action No.  14-476 (FLW) <br><br><br> **MEMORANDUM OPINION** <br> **AND ORDER** |

This matter comes before the Court on Plaintiffs' Motion to Disqualify and Enjoin Defendants' Counsel [dkt. 10].  Defendants have opposed this Motion [dkt no. 14].  For the reasons specified below, Plaintiffs' Motion is **DENIED**.

**I.      LEGAL STANDARD**

The New Jersey Rules of Professional Conduct govern the conduct of attorneys admitted to this Court. Greig v. Macy's Northeast, Inc., 1 F.Supp.2d 397, 399-400 (D.N.J. 1998).  The RPC's are specifically made applicable to attorneys admitted to this Court by Local Civil Rule 103.1, which provides in relevant part:

> The Rules of Professional Conduct of the American Bar Association as revised by the New Jersey Supreme Court shall govern the conduct of the members of the bar admitted to practice in this Court, subject to such modifications as may be required or permitted by federal statute, regulation, court rule or decision of law.

L. CIV. R. 103.1(a).  In determining whether to disqualify counsel, the Court must be satisfied that the movant has proved either that the RPC's are violated or that serious doubts exist as to the

appropriateness of the representation. Cordy v. Sherwin-Williams Co., 156 F.R.D. 575, 584 (D.N.J. 1994); Kaselaan & D'Angelo Associates, Inc. v. D'Angelo, 144 F.R.D. 235, 238 (D.N.J. 1992). "[T]he party seeking disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified.'" Id. (quoting Evans v. Artek Systems Corp., 715 F.2d 788, 791 (2d Cir. 1983)). Here, Plaintiffs are seeking disqualification and, therefore, the burden rests with them.

The Court of Appeals for the Third Circuit has noted that "[a]lthough disqualification ordinarily is the result of a finding that a disciplinary rule prohibits an attorney's appearance in a case, disqualification never is automatic." U.S. v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980). Disqualification of counsel is a "'drastic measure which courts should hesitate to impose except when absolutely necessary.'" Alexander v. Primerica Holdings, Inc., 822 F.Supp. 1099, 1114 (D.N.J. 1993) (quoting Schiessle v. Stephens, 717 F.2d 417, 420 (7th Cir. 1983)). Generally, motions to disqualify are disfavored because they "can have such drastic consequences." Rohm and Haas Co. v. American Cyanamid Co., 187 F. Supp. 2d 221, 226 (D.N.J. 2001). As a result, careful scrutiny of the facts of each case is required to prevent unjust results. See Montgomery Acad. v. Kohn, 50 F.Supp.2d 344, 349 (D.N.J. 1999). Furthermore, "[r]esolution of a motion to disqualify requires the court to balance 'the need to maintain the highest standards of the [legal] profession' against 'a client's right to freely choose his counsel.'" Steel v. General Motors Corp., 912 F. Supp. 724, 733 (D.N.J. 1995) (citations omitted).

II.     DISCUSSION

In their Motion, Plaintiffs seek to disqualify Thomas E Downs, IV, Staff Attorney, and all attorneys working for the firm of Middlesex County Board of Social Services together with the firm of The Stone Law Group from representing the Defendants. See Pls.' Brief at p. 1, ¶ 1, dkt.

no. 10.  Further, Plaintiffs seek to "[e]njoin these same attorneys and this same law firm from conveying or disclosing confidential information or secrets of any kind concerning defendant" and also "from maintaining any financial interest whatsoever in the claims of the plaintiffs." Id. at ¶¶ 3-4.  Plaintiffs contend that "Attorney Thomas E Stone had previously initiated an action against Plaintiffs" and "attempted to previously gain control over Plaintiffs assets." Id. at p. 2, ¶ 4.  Plaintiffs also allege that Defendants' counsel violated Plaintiffs' Sixth Amendment rights to due process.  Id.  In addition, Plaintiffs argue that Defendants' Answer to the Complaint "proves bias towards" Plaintiffs by attempting "to continue to abuse the process." Id. at ¶ 5.

Defendants respond that Plaintiffs' Motion is "devoid of legal authority and factual basis." See Defs.' Brief at p. 2, at dkt. no. 14.  As such, Defendants argue, Plaintiffs are unable to satisfy their "heavy burden." Id. at p. 4.  Defendants also assert that "Counsel for Plainsboro has never had any prior dealings with the Plaintiffs." Id. at p. 5.  For these reasons, Defendants argue that Plaintiffs' Motion should be denied.

The Court agrees.  Plaintiffs have not provided any factual basis or legal authority to support their argument, and certainly have not satisfied the high standard for success on their Motion.  Even construing the Plaintiffs' briefs liberally, no credible argument was made to disqualify Defendants' counsel.  Accordingly, Plaintiffs' Motion is **DENIED**.

### III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

**IT IS** this 18th day of March, 2014,

**ORDERED** that Plaintiffs' Motion to Disqualify and Enjoin Defendants' Counsel [dkt. no. 10] is **DENIED**.

Dated: March 18, 2014                        <u>s/ Douglas E. Arpert</u>
                                                    **DOUGLAS E. ARPERT, U.S.M.J.**