**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON DIVISION**

| | |
|---|---|
| **MONICA BIRCH-MIN and AUNG MIN,** ) | Docket No. 3:14-cv-00476-PGS-DEA |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| versus ) | |
| ) | |
| **MIDDLESEX COUNTY BOARD OF** ) | |
| **SOCIAL SERVICES, PLAINSBORO** ) | |
| **POLICE DEPARTMENT, ADULT** ) | |
| **PROTECTIVE SERVICES, DOES** ) | |
| **1 THROUGH 100 INCLUSIVE,** ) | |
| ) | Courtroom No. 6W |
| **Defendants.** ) | Clarkson S. Fisher Building |
| _____) | & U.S. Courthouse |
| **PLAINSBORO POLICE DEPARTMENT** ) | 402 East State Street |
| ) | Trenton, New Jersey 08608 |
| **Cross Claimant,** ) | |
| ) | |
| versus ) | |
| ) | |
| **MIDDLESEX COUNTY BOARD OF** ) | |
| **SOCIAL SERVICES,** ) | |
| ) | July 28, 2015 |
| **Cross Defendant**. ) | 12:21 P.M. |

TRANSCRIPT (66) MOTION TO WITHDRAW AS ATTORNEY FILED BY   ROBERT BROTMAN. (67) MOTION TO AMEND/CORRECT COMPLAINT FILED BY MONICA BIRCH-MIN. (69) MOTION TO COMPEL JOINDER OF THIRD-PARTY AS NECESSARY PARTIES FILED BY MONICA BIRCH-MIN
BEFORE HONORABLE DOUGLAS E. ARPERT
UNITED STATES MAGISTRATE JUDGE


ESR/Courtroom Deputy:           Charmaine Ellington


**TRANSCRIPTION SERVICE:**         **TRANSCRIPTS PLUS, INC.**
                                   **435 Riverview Circle**
                                   **New Hope, Pennsylvania 18938**
                                   **Telephone:  215-862-1115**
                                   **Facsimile: 215-862-6639**
                                   **e-mail CourtTranscripts@aol.com**


 Proceedings recorded by electronic sound recording, transcript
               produced by transcription service.

```
APPEARANCES:

For Monica Birch-Min:            ROBERT BROTMAN, ESQ.
                                 1139 East Jersey Street
                                 Elizabeth, New Jersey 07201

For the Defendants,              THOMAS EDWARD DOWNS, IV, ESQ.
Middlesex County Board of        P.O. Box 509
Social Services and Adult        181 How Lane
Protective Services:             New Brunswick, New Jersey 08903
```

```
 1            TRENTON, NEW JERSEY  JULY 28, 2015,  12:21 P.M.
 2            (Call to order of the Court)
 3            THE COURT:  All right.  This is the matter of Monica
 4  Birch-Min individually and as the executrix of the estate of
 5  Aung Min.  It's Civil Action Number 14-0476, Judge Wolfson's
 6  case.
 7            Ms. Min, welcome back to Trenton.
 8            MS. BIRCH-MIN:  Thank you.
 9            THE COURT:  Nice to see you again.
10            Counsel, do you want to enter your appearances,
11  please?
12            MR. BROTMAN:  Thank you, Judge.  Robert Brotman.  I
13  guess in this matter, I'm representing myself.
14            THE COURT:  Well, pending the outcome --
15            MR. BROTMAN:  Yeah, pending the outcome.
16            THE COURT:  -- of your application.
17            MR. BROTMAN:  Yeah.
18            THE COURT:  You're representing Ms. Min.
19            MR. BROTMAN:  I'm representing the estate of Aung Min
20  and --
21            THE COURT:  Okay.
22            MR. BROTMAN:  Well --
23            THE COURT:  And, Counsel?
24            MR. DOWNS:  Your Honor, Thomas Downs on behalf of the
25  Middlesex County Board of Social Services, Adult Protective
```

1  Services.
2           Mr. Stone -- Michael Stone, who represents
3  Plainsboro, is on his feet in Somerset County, and he asked me
4  to stand -- it's not really our motion, but I'm here to
5  represent the interest of the defendants.
6           THE COURT:  Right.  Thank you.  Where is Mr. Bustos?
7           MR. BROTMAN:  Judge, that's a very good question.  I
8  actually spoke with him yesterday, asking him whether he's
9  going to appear today.  He says that he could not because he's
10 in Arizona.  This has always been the case, it's a real
11 problem.
12          That's how I got involved with respect to the actual
13 merits of the case.  Because he was in Arizona, I stepped in.
14          I am local sponsoring counsel, I'm not supposed to be
15 the main attorney on this case.  He is the main attorney on
16 this case.  And, you know, that's where it's -- that's my
17 position with respect to that.
18          THE COURT:  Okay.  Well, it may be immaterial based
19 on what I perceive to be Ms. Min's desires with respect to Mr.
20 Bustos' continued involvement in the case.  So it may be
21 immaterial.
22          I'll just make the observation that notwithstanding
23 whatever your relationship was intended to be, vis-a-vis Mr.
24 Bustos in this case, you, nonetheless, at the outset, assume
25 the responsibility as local counsel for certain aspects of the

1  representation of the plaintiffs.

2              MR. BROTMAN:  Well, my understanding as to my role
3  was I was the lead counsel for the purpose of notification, and
4  making sure the documents got executed by Mr. Bustos and
5  returned to the Court.  It was never my intention to be the
6  actual attorney on the case.  I was kind of like the New Jersey
7  anchor here for Mr. Bustos.

8              And, frankly, I think it's unfair to make me continue
9  in the case, you know, based upon the certification I
10 submitted.  It's really a very difficult situation.

11             THE COURT:  I understand.

12             Ms. Min, I have a letter from you that was directed
13 to Judge Wolfson dated June the 12th.  And it indicates here
14 that you would like to replace Mr. Bustos in this case, and
15 represent yourself in this matter going forward, is that right?

16             MS. BIRCH-MIN:  Yes, pro se.

17             THE COURT:  Okay.  Do you foresee any role for Mr.
18 Bustos in this case going forward?

19             MS. BIRCH-MIN:  Mr. Bustos?  No.

20             THE COURT:  Okay.  Have you communicated that?  Other
21 than by this letter to the Court, have you communicated that to
22 Mr. Bustos?

23             MS. BIRCH-MIN:  Yes.

24             THE COURT:  That you no longer desire to have him
25 represent you in this matter?

1                MS. BIRCH-MIN:  He has requested it of me.

2                THE COURT:  Okay.

3                MS. BIRCH-MIN:  He came to me and requested it, as
4    well as the difficulty of his presence --

5                THE COURT:  Okay.

6                MS. BIRCH-MIN:  -- in this case for representation.
7    So it was a mutual agreement, and thought best in the interest
8    of the case I took back the pro se status for him.

9                THE COURT:  You understand that you cannot legally
10   represent the estate.

11               MS. BIRCH-MIN:  Yes.

12               THE COURT:  Mr. Brotman is asking to be relieved
13   himself of any responsibility in this case, and the Court would
14   be hard-pressed to compel an attorney to continue to represent
15   a party which he doesn't feel capable of representing against
16   his will.

17               So if I grant Mr. Brotman's motion, which I am
18   inclined to do, you're going to have to find new counsel to
19   represent the estate.  Do you understand that?

20               MS. BIRCH-MIN:  May I speak?  I requested that he
21   remain, that was my motion -- request for motion, which I think
22   would be one separate issue.

23               After that, he stated in his -- his dispute over it,
24   that he would request to be relieved also, which is a second
25   request for a motion, not the same as my first request.  He

 1  stated that he was not my attorney.  He stated various reasons.
 2  I think the characterization of myself was unfair, and not
 3  accurate.
 4           There were words, hyperboles, he said I fired Mr.
 5  Bustos.  I don't think the words of that characterization are
 6  accurate and fair to me.
 7           THE COURT:  Now Mr. -- Mr. --
 8           MS. BIRCH-MIN:  There was a --
 9           THE COURT:  As I understand it, Mr. Bustos introduced
10  Mr. Brotman into the case, correct?
11           MS. BIRCH-MIN:  Yes.
12           THE COURT:  It was Mr. Bustos who had a relationship
13  with Mr. Brotman, who asked Mr. Brotman to sponsor his
14  admission to the Court so that he, Mr. Bustos, could represent
15  you and the estate.
16           So you had no independent relationship with Mr.
17  Brotman before Mr. Bustos's introduction.
18           MS. BIRCH-MIN:  Well, Mr. Bustos had to find a New
19  Jersey attorney before he applied, and the name was Mr.
20  Brotman.  So it was together.  From the onset, he was an
21  associate.
22           The second part is that Mr. Brotman did take over as
23  my attorney, an attorney of record.  And he did write a
24  significant amount of work, including an amended complaint.
25  And he appeared with the attorneys, he made discussion.  He did

```
 1  a lot of things, which he rightfully says he put in a
 2  significant amount of work.
 3           When I attempted to look for another attorney, they
 4  said that after an attorney writes the complaint, no attorney
 5  will take another -- take a chance at it because they consider
 6  that a mark of the attorney on the case.  And Mr. Bustos did
 7  that without the presence of Mr. -- I mean Mr. Brotman did it
 8  without the presence of Mr. Bustos.  So he was actually having
 9  a number of meetings and conversations and work -- significant,
10  according to the standards of law firms that would be looking
11  for another attorney in this case.  So it would be virtually
12  difficult, if possible, in the time period provided for me to
13  finish my case, which I'd like to do, present the materials,
14  and to request that he remain on there to protect my husband's
15  interest, which it's unfair to us to have to lose because
16  someone wants to leave, or I can't find the reason.  I think
17  that personal things that were said were wrong.
18           THE COURT:  Well, I appreciate your argument in that
19  regard.  I have read the certification supplied by Mr. Brotman
20  detailing his involvement in this case since his introduction
21  into it.
22           I'm satisfied that his continued involvement in the
23  case would present an undue hardship to himself, and to his
24  practice.  And I intend to grant his motion to be relieved.
25           I will give you ample opportunity to find counsel to
```

Case 3:14-cv-00476-BRM-DEA   Document 95   Filed 02/20/16   Page 9 of 18 PageID: 688

9


1  represent the estate going forward.  And I don't see any
2  prejudice to you with respect to your own aspect of this case
3  since it's your intention and desire to represent yourself.  So
4  there is no prejudice to you by granting Mr. Brotman's motion.
5          So, Mr. Brotman, your motion to be relieved will be
6  granted.
7          MR. BROTMAN:  Thank you, Judge.
8          THE COURT:  And the estate of Aung Min will be given
9  a reasonable period of time to secure counsel to represent its
10 interest in this case going forward.
11         MR. DOWNS:  Your Honor, if I may?
12         THE COURT:  Yes, sir?
13         MR. DOWNS:  We have had time deadlines from the
14 schedule order that you scheduled in June -- May or June.  So
15 there are -- there are time limitations coming up in August and
16 September.
17         THE COURT:  I'm going to get to the case management
18 aspect --
19         MR. DOWNS:  Okay.
20         THE COURT:  -- of this --
21         MR. DOWNS:  Okay.
22         THE COURT:  -- process in a couple of minutes.  I
23 recognize, and I thank you for reminding me that there will be
24 collateral damage to the schedule as a result of dealing with
25 some of these complications.

1            Also before the Court this morning are two motions
2   filed by Ms. Min.  They appear on the docket as Entries Number
3   67 and 69.  One is styled a motion to amend the complaint to
4   add parties, and the other is a motion to compel joinder of
5   third parties as necessary parties.
6            Both motions have been opposed.  And those briefs
7   appear on the docket as Entries Number 71 and 72 by Attorneys
8   Stone and Downs, respectively.
9            Ms. Min, in short, I understand that the subject of
10  your motions is your desire to add two individuals as named
11  defendants in the case, correct?  One is Maxine Reed --
12           MS. BIRCH-MIN:  Yes.
13           THE COURT:  -- and the other is an officer of the
14  Plainsboro Police Department, correct?
15           MS. BIRCH-MIN:  Yes.
16           THE COURT:  Okay.  The defendants have opposed your
17  application on several grounds, not the least of which is that
18  the identities of both of these individuals have been known to
19  you, and even to your attorneys when you were represented,
20  since the inception of this case.  And in that regard, they
21  point to a police report dated January 21 of 2012.  And they
22  say to allow you to amend your complaint now to add these
23  individuals whose identities have been known for over three
24  years is inappropriate, it's unfair, it would unduly delay the
25  resolution of this case, and should be denied.

```
 1                 Is there anything you want to add to the materials
 2   that you've submitted in support of your application to add
 3   these individuals as named defendants in your case?
 4                 MS. BIRCH-MIN:  Yes.  I did write a response to it,
 5   and I wrote a response to this, as well.
 6                 THE COURT:  I do have that.  Just for the record, I
 7   have your response to Judge Wolfson and to myself dated July
 8   18th, and that appears on the docket as Document Number 73.
 9                 Thank you.
10                 MS. BIRCH-MIN:  Yes.  And in there, I also presented
11   the false information that was given, the second police report
12   by Bowman (phonetic), which was not officially denied in their
13   presentation, which is part of the complaint I had with Mr.
14   Brotman of the misunderstanding.  I don't agree with his
15   decision, it puts a lot of stress on me.
16                 But also, as far as the -- I thought the decision
17   would be rendered on the August 3rd for this motion.  However,
18   when we looked through the records, the Third Circuit Court,
19   this is U.S. Court, does recognize -- doesn't recognize the
20   administrative things of due diligence is basically what it is.
21   And we presented other information in that argument.  So we
22   disputed their dispute.
23                 THE COURT:  Okay.  Thank you.  Mr. Downs?
24                 MR. DOWNS:  Yes, sir?
25                 THE COURT:  Anything further you want to say with
```

12

1  respect to the plaintiffs' motion here? I recognize that the
2  return date of this motion is August 3rd.
3  However, inasmuch as it is now fully briefed, and I
4  have the opportunity to speak to the parties directly on the
5  subject, I thought I'd take advantage of that opportunity and
6  hear the motion today, as well. So anything further you want
7  to say with respect to these motions?
8  MR. DOWNS: Well, basically, Judge, Mr. Stone's brief
9  is well -- is the case law at the present time, and I think
10 it's right on point to a case like this.
11 In addition to all of the things that he pointed out
12 in his brief, my responding papers also point out to the fact
13 that she was in court, she knew who the doctors were that
14 determined -- that whether or not her husband had the mental
15 capacity to go forward with the original case set before the
16 Middlesex County Superior Court, Probate Division. And the
17 protective order that was signed by Judge Wolfson last October,
18 we supplied all -- the whole case file to everybody, and a copy
19 to you, not through the Pacer because of the sensitive material
20 in it, and even the trial transcripts of what went on back in
21 2012.
22 The bottom line is that she knew right from the get-
23 go everybody who was involved in this case, and that was all
24 disclosed to her within the first two or three weeks of filing
25 the original case that gave rise to that original declaration,

1  the competency of Dr. Min.

2          THE COURT:  All right.  Thank you.

3          With respect to the plaintiffs' motions, which are
4  substantively the same in terms of the relief that they seek,
5  that is to add additional named defendants to this action,
6  Federal Rule of Civil Procedure 15(a) requires that a party may
7  amend its pleadings only with the written consent of the
8  opposing party, or with the leave of Court.  And plaintiff
9  comes today seeking such leave.

10          Although the Court typically is constrained to grant
11 leave when justice so requires, that decision rests within the
12 sound discretion of the trial court.  The considerations raised
13 by the defendant are those which the case law requires the
14 Court to address, the first of which is undue delay on the part
15 of the moving party.

16          The point made by Mr. Downs, and which is reflected
17 in the defendants' briefs in opposition, is that the identities
18 of these individuals have been disclosed to Ms. Min and to her
19 lawyers from the very inception of the incidents which give
20 rise to this case.  They're reflected in the police report, and
21 they're reflected -- those identities are reflected throughout
22 the materials which Mr. Downs just referenced, and which were
23 produced early on in the discovery process in this case.

24          And although I ascribe no bad faith or dilatory
25 motive to the plaintiffs here, I note that there have been

1  prior amendments to the complaints, which did not include
2  requests to name these individuals.  And I note that this case
3  is now over a year and a half old.  And that further delay to
4  add parties to this case would be prejudicial to the defendants
5  in reaching an efficient and timely resolution of the claims
6  against them.
7           So I'm going to deny the plaintiffs' motions.  I'll
8  do it in a unified order, and that will set the pleadings in
9  their current form.
10          Mr. Downs, what concerns do you have about the May
11 scheduling order?  In May, I entered an order setting deadlines
12 for the exchange of written discovery, and a deadline to
13 complete fact discovery by October 15th.
14          MR. DOWNS:  The concerns I have, Judge, depending
15 upon how much time we give to have an attorney represent the
16 estate, that may pull that out even farther.  I'm -- you're
17 giving it reasonable time.  I'm looking for probably a
18 deadline, rather than a reasonable time, which could be --
19 could be anything.
20          THE COURT:  I intend to put a deadline in the order.
21 By "reasonable time," my intention was -- today is the 28th of
22 July.  Certainly by the end of August we should have some
23 clarity on the status of the representation of the estate.
24 That would leave roughly 45 days through October 15th.
25          If new counsel appears, it would not surprise me

1  greatly if there were some requests to modify those deadlines.
2          MR. DOWNS:  Okay.
3          THE COURT:  But as they currently stand, based on
4  what's been accomplished to date, is there a problem meeting
5  the October 15th deadline?
6          MR. DOWNS:  I don't think so, and that's just the
7  issue.  I think we're ready to respond to the interrogatories
8  at this point that were propounded, and we're ready to go.  And
9  I think Mr. Stone is ready to go also with his -- I had a brief
10 discussion with him about that.
11         THE COURT:  Okay.
12         MR. DOWNS:  And I'm just concerned that if it was 60
13 days or 90 days to get counsel, then that's going to throw
14 everything really off kilter.
15         THE COURT:  No, sir, that's not my intention.
16         MR. DOWNS:  The other alternative, Judge, would be to
17 dismiss the estate out, and they can file again, if they can,
18 at another time.
19         THE COURT:  Well, that's a decision for Ms. Min, and
20 one that need not be made today.
21         Ms. Min, do you have any questions or concerns about
22 the current schedule that's in place for discovery and case
23 management in this case?
24         MS. BIRCH-MIN:  At this moment, no.  Except I'm quite
25 overwhelmed by the decisions, and I don't agree with them, I

```
 1  might add, especially this last one to add names.  Because I
 2  feel that we had said John Doe, we had mentioned those people,
 3  they had been served.  They have answers throughout this case
 4  from the original case through this case, and that that name
 5  could have been added.  It throws the estate significantly in
 6  another direction.
 7             And also, the claims for damages because there are a
 8  lot of laws broken and a lot of -- actually crime in this case.
 9  And they have to be addressed, which I'll have to address in
10  perhaps another way, Department of Justice or things of that
11  sort because --
12             THE COURT:  Well, ma'am, you know what your recourse
13  is.  Under the rules, you have a right to appeal any decision
14  that I make to Judge Wolfson seeking her review of that.  And
15  beyond that, as I told you when we first met in June of 2014,
16  you are going to be required to maintain the same level of
17  diligence in the prosecution of this case that an attorney
18  would be required to meet, compliance with the same rules that
19  an attorney would be required to satisfy.  And so you'll do
20  what you think is best in response to the Court's ruling today.
21             My question to you was do you have any questions or
22  concerns about the current schedule?
23             MS. BIRCH-MIN:  I think I'll have difficulty meeting
24  it because of the extra pressure of having to look for another
25  attorney, which is going to be extremely difficult.  In fact,
```

1  maybe impossible from what they've said.  I won't say that yet
2  because I will not sell my husband's estate down the drain, and
3  I have to address a lot of more serious issues about the crime
4  involved, the probable cause, the smears, attacks, this kind of
5  coming at night and unloading documents and pressuring my
6  attorney, which he said he received pressures from other
7  attorneys, stress added, which should not have taken place in
8  my case.
9           So there's a lot of issues going on, and I think it's
10 going to be difficult for me to handle this without -- the
11 bifurcating of the claim, I have here -- I have everything set
12 up to proceed with this case with a name -- Mr. Brotman may be
13 on the case until I can find another attorney.
14          THE COURT:  Well, Mr. Brotman's involvement has been
15 concluded as of today.  So I'm going to provide in an order
16 that the estate will have until August the 31st to secure new
17 counsel.
18          MS. BIRCH-MIN:  I don't --
19          THE COURT:  We currently have a telephone status
20 conference set for August the 3rd.  I'm going to cancel that
21 conference, and I'm going to reschedule a new conference in
22 September, and see what the status of your efforts are with
23 respect to the estate at that time.
24          In the meantime, you, and Mr. Downs, and Mr. Stone
25 are directed to continue your discovery efforts with all good

1  diligence toward meeting the current deadline of October 15th,
2  understanding that new counsel may request additional time when
3  he or she are engaged.  Okay?
4          Anything else I can do for you today, Ms. Min?
5          MS. BIRCH-MIN:  I disagree.
6          THE COURT:  Okay.
7          MS. BIRCH-MIN:  Okay.  I will be filing other
8  complaints.
9          MR. DOWNS:  Thank you, Judge.
10         THE COURT:  All right.  Thank you.  Thank you,
11 Counsel.
12     (Whereupon, at 12:44 p.m., the hearing was adjourned.)
13
14                    CERTIFICATE OF TRANSCRIBER
15    I, KAREN HARTMANN, a certified Electronic Court
16 Transcriber, certify that the foregoing is a correct transcript
17 from the electronic sound recording of the proceedings in the
18 above-entitled matter.
19
20 *[signature: Karen Hartmann]*
21
22 Karen Hartmann, AAERT CET**D0475 Date:  February 17, 2016
23 TRANSCRIPTS PLUS, INC.
24
25