**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

MONICA BIRCH-MIN, et al.,

        Plaintiffs,

v.

MIDDLESEX COUNTY BOARD
OF SOCIAL SERVICES, et al.,

        Defendants.

Civil Action No. 14-0476-BRM-DEA

**OPINION**

---

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Monica Birch-Min's ("Plaintiff") Motion to Disqualify the Undersigned filed on March 30, 2017, with a return date of April 17, 2017. (ECF No. 128.) Defendant Plainsboro Police Department ("Plainsboro PD") and Defendant Middlesex County Board of Social Services' ("MCBSS") (collectively, the "Defendants") oppose Plaintiff's Motion. (ECF Nos. 132, 134.) Pursuant to Federal Rule of Civil Procedure 78(b), no oral argument was heard. For the reasons set forth below, Plaintiff's motion to disqualify is **DENIED**.

**I. BACKGROUND**

The facts and procedural history of this matter are set forth in this Court's recent opinion, *Birch-Min v. Middlesex County Board of Social Services*, No. 3:14-cv-476-BRM-DEA, 2017 WL 1034371 (D.N.J. Mar. 16, 2017) (ECF No. 126), and need not be repeated here in detail. The following background is pertinent to this matter.

On April 23, 2015, Plaintiff filed a Second Amended Complaint (ECF No. 59) pursuant to court Order (ECF No. 58). In the Second Amended Complaint, Plaintiff alleged "[e]ach defendant, individually and in concert with the others, acted maliciously, wantonly, unlawfully, willfully, knowingly, and with the specific intent to deprive plaintiffs of . . . rights [] secured to plaintiffs by the Fourth, Sixth, and 14th Amendments to the Constitution of the United States, and by 42 U.S.C.A. §§ 1983, 1988." (ECF No. 59 at ¶ 16.) Plaintiff asserted four causes of action: (1) a survival/wrongful death claim, pursuant to New Jersey's Survivor Act, N.J.S.A. 2A:15-3, *et seq.*, and New Jersey's wrongful death statute, N.J.S.A. 2A:31-1, *et seq.* (ECF No. 59 at ¶¶ 22-25); (2) a *Monell*[1] claim, pursuant to 42 U.S.C. § 1983, alleging MCBSS "established an illegal custom, policy, and practice designed to conspicuously violate . . . due process of law" (*id*. at ¶¶ 26-31); (3) a *Monell* claim against Plainsboro PD, based on the same allegations (*id*. at ¶¶ 32-37); and (4) an apparent conspiracy claim against all "'tortfeasors' who were employed" by any of the defendants and "are intricately involved as operatives . . . with the subject incident . . . or otherwise responsible for maintaining illegal customs, policies, or practices" (*id*. at ¶ 39). Defendants moved for summary judgment dismissing the Complaint in its entirety. (ECF Nos. 106, 109.) Plaintiff cross-moved for summary judgment (ECF No. 110) and to strike Defendants' motions for summary judgment (ECF No. 116). On March 16, 2017, this Court denied Plaintiff's motion to strike, granted Defendants' motion for summary judgment, and denied Plaintiff's cross-motion for summary judgment. (ECF No. 126.)

Thereafter, on March 20, 2017, Plaintiff filed a Motion to Reopen Case and a Motion to Disqualify the Undersigned. (ECF Nos. 127-28.) On March 27, 2017, Plaintiff filed a "Motion

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

for Enlargement of Time to File Opposition to the Memorandum Opinion," which the Court construed as motion for extension of time to file a motion for reconsideration of this Court's March 16, 2017 Opinion and Order. (ECF No. 129.) On March 31, 2017, this Court administratively terminated Plaintiff's Motion to Reopen Case and granted Plaintiff's Motion for Extension of Time to file a motion for reconsideration of this Court's March 16, 2017 Opinion and Order.[2] (ECF No. 136.)[3] Accordingly, the only motion pending before this Court is Plaintiff's Motion to Disqualify the Undersigned.

**II. LEGAL STANDARD**

Pursuant to 28 U.S.C. § 144, a party may seek to recuse a federal judge on the basis of prejudice. *See Thompson v. Comm'r of Soc. Sec.*, 425 F. App'x 98, 100 (3d Cir. 2011) (holding "a judge must recuse if a party files a 'sufficient affidavit' establishing that the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party"). Section 455(a) of Title 28 requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test for such recusal is whether a reasonable person who is aware of all of the facts might reasonably question a judge's impartiality." *In re Whitchurch*, 639 F. App'x 772, 774 (3d Cir. 2016) (citing *In re Kensington Int'l, Ltd.*, 368 F.3d 289, 301-02 (3d Cir. 2004)). "Section 455(b) sets forth specific

---

[2] On April 10, 2017, Plaintiff filed a "Reply to Judge Martinotti's Opinion." (ECF No. 138.) While it is unclear if this response serves as her reply to Defendants' Opposition to Plaintiff's Motion to Disqualify the Undersigned, this Court will treat it as such. To the extent Plaintiff intended this filing to be a Motion for Reconsideration, it was improperly filed. Plaintiff's time to file a motion for reconsideration has not elapsed and thus she can properly file such motion if she so chooses by April 30, 2017.

[3] On March 27, 2017, Plaintiff filed a Notice of Appeal before the United States Court of Appeals for the Third Circuit of this Court's March 16, 2017 opinion. (ECF No. 126.) The appeal is pending this Court's action on Plaintiff's Motion to Reopen Case, Motion for Extension of Time to File Response/Reply, and this Motion to Disqualify the Undersigned. For the reasons stated above, only the Motion to Disqualify is still pending before this Court. (*See* ECF No. 136.)

circumstances for recusal, including where a judge has 'a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.'" *Id.* at 774 (quoting 28 U.S.C. § 455(b)(1)).

"Generally, beliefs or opinions which merit recusal must involve an extrajudicial factor," *Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (internal quotations and citations omitted), and "judicial rulings alone almost never constitute a valid basis" for recusal, *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judicial decisions "can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal." *United States v. Wecht*, 484 F.3d 194, 218 (3d Cir. 2007) (alternations in original) (quoting *Liteky*, 510 U.S. at 555). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. "Neither of these statutes provide a basis for recusal where a litigant is simply displeased . . . with a prior adverse ruling." *Petrossian v. Cole*, 613 F. App'x 109, 112 (3d Cir. 2015).

**III. DECISION**

Plaintiff asserts recusal of the undersigned is warranted under 28 U.S.C. § 455 and 28 U.S.C. § 144 because the undersigned "made the following comments regarding [Plaintiff's] case: 'Ordered that Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE; and it is further ORDERED that this case is CLOSED.'" (ECF No. 128, Motion at ¶ 2.) She further contends "the Honorable Judge Martinotti states that no evidence was presented by the Plaintiff, however; some of the evidence is under seal. Furthermore, the

Honorable Judge mentioned herein is new on the case and has no substantial knowledge of the case to make the Memorandum opinion." (*Id.* at ¶ 4.) Plaintiff also alleges "[a] decision of dismissed with prejudice is a harsh determination and, therefore; [sic] I am at least entitled to a Third and final Amended Complaint." (ECF No. 128, Plaintiff's Affidavit at ¶ 6.) Moreover, Plaintiff contends "[t]he facts and the reasons for the belief that such bias or prejudice exists are that me and my late-husband we are members of an elite society and the facts stated in this case show wrongfully [sic] behavior by a government entity and the Judge approves of unconstitutional acts and is attempting to rewrite the law in my case and creating a severe and callous deprivation of my rights." (*Id.* at ¶ 7.) Generally, she disagrees with the undersigned's decision. (*See* ECF No. 128, 138.) Defendants argue that Plaintiff's Motion to Disqualify was untimely and that her only basis to allege bias and prejudice is the undersigned's "disagree[ment] with Plaintiff's position and . . . judgment in favor of [Defendants] . . . granting their motions for summary judgment and denying Plaintiff[']s motions." (ECF No. 132 at 6.)

For the purpose of this Opinion, the Court deems Plaintiff's Motion to Disqualify and attached Affidavit timely filed. Nonetheless, Plaintiff's allegations of bias lack merit or support in the record. Plaintiff's motion is not sufficient, within the meaning of 28 U.S.C. § 144, to require recusal. Neither Plaintiff's Motion nor Affidavit provide support indicating that the undersigned was personally biased against her pursuant to 28 U.S.C. § 144. Further, Plaintiff provides no explanation as to why her status as "elite society" would affect the undersigned's impartiality in this case. To the contrary, the record demonstrates the Court has extended many accommodations to Plaintiff in an attempt to provide her with an opportunity to be heard.

Other than her bare allegations, Plaintiff has offered no evidence to support her claim that a reasonable person would find the undersigned harbors a bias against her. Her bare self-

serving allegations are not sufficient for disqualification under 28 U.S.C. § 455. Indeed, Plaintiff's allegations amount to nothing more than mere disagreement with the Court's adverse ruling, which does not form a sufficient basis for recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144. (*See* ECF No. 128, Motion at ¶ 2 (stating "Movant's fear is well grounded in that, during the course of the hearing held on March 16, 2017, the Honorable Judge Martinotti made the following comments regarding Movant's case: 'Ordered that Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE; and it is further ORDERED that this case is CLOSED.'")) The statute does not provide a basis for recusal where, as here, a litigant is simply dissatisfied with the District Court's legal ruling. The Third Circuit has "repeatedly stated that a party's displeasure with legal ruling does not form an adequate basis for recusal." *Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000).

Lastly, Plaintiff's argument that "[a] decision of dismissed with prejudice is a harsh determination and, therefore; [sic] [she is] at least entitled to a Third and final Amended Complaint" is without merit. (ECF No. 128, Plaintiff's Affidavit, at ¶ 6.) Plaintiff previously filed motions requesting leave to file her Second Amended Complaint. (ECF Nos. 67, 69.) On July 28, 2015, the motions were denied by Magistrate Judge Douglas E. Arpert. (ECF No. 75.) Plaintiff did not seek reconsideration of that decision, nor does she ask this Court to reconsider it now. Judge Arpert's decision will not be revisited at this time and therefore will remain undisturbed.

## IV. CONCLUSION

For these reasons, the Court is satisfied nothing in the record suggests the undersigned had a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. In addition, a reasonable person who is aware of all of the facts would not reasonably

question the undersigned's impartiality. Moreover, Plaintiff fails to articulate reasons why the undersigned would not or could not treat Plaintiff, or any of the parties to this action, in a fair and impartial manner. Accordingly, Plaintiff's Motion to Disqualify is **DENIED.**

>	*/s/ Brian R. Martinotti*
>	**HON. BRIAN R. MARTINOTTI**
>	**UNITED STATES DISTRICT JUDGE**

Dated: April 18, 2017