<mark>NOT FOR PUBLICATION</mark>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MONICA BIRCH-MIN, et al.,  :<br>                                         :<br>                 Plaintiffs,   :<br>                                         :<br>            v.                      :<br>                                         :<br>MIDDLESEX COUNTY BOARD OF  :<br>SOCIAL SERVICES, et al.,  :<br> ,                                        :<br>                 Defendants.   : | Civil Action No. 14-0476-BRM-DEA<br><br><br><br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration (ECF No. 144) filed by Plaintiff Monica Birch-Min ("Plaintiff"), pursuant to Local Civil Rule 7.1 seeking reconsideration of the March 16, 2017 Order and Opinion (ECF Nos. 125 and 126), which granted Defendant Plainsboro Police Department ("Plainsboro PD") and Middlesex County Board of Social Services' ("MCBSS," together with Plainsboro PD, "Defendants") motions for summary judgment (ECF Nos. 109 and 110). Pursuant to Federal Rule of Civil Procedure 78(b), this Court did not hear oral argument. For the reasons set forth herein, Plaintiff's Motion for Reconsideration is **DENIED**.

I. **BACKGROUND**

 A. **Facts Relating to Summary Judgment Motion**

The underlying facts are set forth at length in the Court's March 16, 2017 Opinion (ECF No. 126), from which Plaintiff seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute.

<mark>1</mark>

### B. Procedural History

On January 16, 2014, Plaintiff and Aung Min filed a complaint alleging "defendants' conduct [on January 20, 2012] deprived plaintiffs of life, liberty, and property without due process of law." (Compl. (ECF No. 1) at ¶ 20.) Thereafter, Plaintiff advised the Court that Mr. Min had passed away on August 18, 2014. (See ECF No. 43.) On December 16, 2014, the Estate of Aung Min obtained counsel, Robert Brotman, Esq. (*see* ECF No. 54), and, on April 23, 2015, a Second Amended Complaint was filed by Plaintiff, *pro se* (*see* ECF Nos. 58, 59). In her Second Amended Complaint, Plaintiff alleged "[e]ach defendant, individually and in concert with the others, acted maliciously, wantonly, unlawfully, willfully, knowingly, and with the specific intent to deprive plaintiffs of . . . rights [] secured to plaintiffs by the Fourth, Sixth, and 14th Amendments to the Constitution of the United States, and by 42 U.S.C.A. §§ 1983, 1988." (ECF No. 59 ¶ 16.) Plaintiff asserted four causes of action a survival/wrongful death claim, two *Monell* claims, and an apparent conspiracy claim. (*See* ECF No. 59.)

On August 23 and 25, 2016, Defendants filed motions for summary judgment. (ECF No. 106 and 109.) On August 25, 2016, Plaintiff filed a cross motion for summary judgment. (ECF No. 110.) On September 6, 2016, Plaintiff filed a Motion to Strike Defendants' replies to their motions for summary judgment. (ECF No. 116.) On March 16, 2017, the Court granted Defendants motions for summary judgment and denied Plaintiff's motions for summary judgment, finding "Plaintiff [] offered no evidence whatsoever to support her contention that either Plainsboro PD or MCBSS had established an unlawful official custom or policy." (ECF No. 126 at 12.) The Court also denied Plaintiff's motion to strike. (*Id.* at 6-7.) On March 20, 2017, Plaintiff filed a motion to reopen case and a motion to disqualify the Undersigned. (ECF Nos. 127 and 128.) On March 31, 2017, the Court administratively terminated Plaintiff's motion to reopen case and extended

Plaintiff's deadline to file a motion for reconsideration of the Court's March 16, 2017 Order and Opinion pursuant to Local Civil Rule 7.1. (ECF No. 136.) On April 18, 2017, the Court denied Plaintiff's motion to disqualify. (ECF No. 141.) On March 27, 2017, Plaintiff filed an appeal of the Court's March 16, 2016 Order and Opinion. (ECF No. 131.)

On May 1, 2017, Plaintiff filed a Motion for Reconsideration of the Court's March 16, 2016 Order and Opinion. (ECF No. 144.) Defendants oppose the Motion. (ECF No. 146 and 148.)

**II.     LEGAL STANDARDS**

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010).[1] The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.' " L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence."

---

[1] Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). *Id.* For the same reasons that Plaintiff's motion is denied on the merits under the Local Rule, it is denied under the Federal Rules. *See Holsworth v. Berg*, 322 F. App'x 143, (3d Cir. 2009) (construing motion for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.").

*Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415-16 (citations omitted). Additionally, a court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163

(D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

**III. DECISION**

As a preliminary matter, although Plaintiff filed her Motion for Reconsideration on May 1, 2016, forty-seven days after the March 16, 2016 Order and Opinion, it is timely. On March 31, 2017, the Court granted Plaintiff's request for an extension of time to file her Motion for Reconsideration of this Court's March 16, 2017 Order and Opinion through and including April 30, 2017. (ECF No. 136.) The date of April 30, 2017, fell on a Sunday, therefore the Court accepts Plaintiff's Motion as timely.[2]

Plaintiff moves for reconsideration on the basis that:

> [] The dispute in the decisions rests in a great disparity between the facts Judge Martinotti used and those the Plaintiffs Min already proved, gained judicial approval for, and *submitted* to this US Court. The Defendants made a false presentation of these relevant facts without ever proving them wrong. It is beyond any human reasonably opinion to conclude that this great disparity did not exist. (See Plaintiff's Critique of Judge Martinotti's Opinion in PACER #138 and other documents). *Therefore, the dispute is not just "merely disagreeing with his decision", but a more serious fundamental dispute of the existence of facts well presented by the Plaintiffs which the Judge falsely distorted to arrive at his denial decision against the Mins and in favor of the Defendants.* A judge, jury, or Attorney should not be permitted to distort or change the facts.
> [] Due to the great harm and financial loss the Plaintiffs suffered, they complained to the Court of prejudice and bias. Also a Court Order by Judge Arpert already placed the Defendants Attorneys under a Court Injunction (PACER 107, 108) for their misconduct and to stop them from

---

[2] Defendants concede Plaintiff's Motion is timely filed. (ECF No. 146 at 2 and ECF No. 148.)

5

> presenting sensitive injurious information against the Mins in Public view (PACER 122,124). The entire case was under protective seal. This infraction caused invasion of the Mins' privacy and harm.
>
> [] Oral Argument was not waived by anyone, as contest was made by Plaintiffs in their Cross Summary Judgment against the Defendants. It is required. A Settlement Conference was also requested, but never heard and Binding Arbitration. The Plaintiff Mins received Granted Judgments, not Denied, for their requests prior to this final erroneous opinion and decisions of Judge Martinotti. These issues were not properly resolved by Judge Martinotti's final decision and remain unsettled, deficient and contested by the Plaintiffs Min.

(ECF No. 144 at 1-2 (emphasis added).) Plaintiff's reply brief further alleges the Court "misunderstood" the facts before it and therefore "misapprehended the results or finding of the entire case." (ECF No. 149 at 2.) It further questions whether the Court "read and apprehend all the[] reports the Plaintiffs submitted as required before dismissing and terminating the case with Prejudice?" (*Id.* at 5.)

However, in her briefing and exhibits filed in support of her Motion for Reconsideration (ECF Nos. 144 and 145), Plaintiff does not assert: (1) there has been an intervening change in the controlling law; (2) there is new evidence available that was not available when the Court granted Defendants motions for summary judgment, which would have dictated a different ruling; or (3) the March 16, 2017 Opinion contains a clear error of law or fact. *See United States ex rel. Schumann*, 769 F.3d at 848-49. Instead, Plaintiff attempts to argue the Court misunderstood or distorted the facts before it. In essence, Plaintiff is attempting to relitigate the issues previously decided in the March 16, 2016 Order and Opinion. This is not a valid basis for a motion for reconsideration. *See Blystone*, 664 F.3d at 415 (expressly forbidding the use of a motion for reconsideration to relitigate a motion).

Additionally, Plaintiff alleges she was not afforded the right to oral argument on her summary judgment motion, a settlement conference, and binding arbitration. However, Plaintiff had no right to oral argument, a settlement conference, or binding arbitration. A court "may order" attorneys to appear for pretrial conferences for the purposes of facilitating settlement, but is not required to. *See* Fed. R. Civ. P. 16(a). Furthermore, Plaintiff was not entitled to oral argument on her motion for summary judgment. The motion was properly decided without oral argument and upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. Lastly, Plaintiff has not explained why she was entitled to binding arbitration.

## IV. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Reconsideration (ECF No. 144) is **DENIED**.

**Date:** November 28, 2017      */s/ Brian R. Martinotti*
        **HON. BRIAN R. MARTINOTTI**
        **UNITED STATES DISTRICT JUDGE**