**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MONICA BIRCH-MIN, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 14-0476-BRM-DEA |
| MIDDLESEX COUNTY BOARD OF SOCIAL SERVICES, et al., | |
| Defendants. | **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Monica Birch-Min's ("Plaintiff") Motion (ECF No. 152), filed pursuant to Federal Rule of Civil Procedure 60, to vacate this Court's Order dated November 28, 2017 (ECF No. 151), denying her Motion for Reconsideration, as well as her Objection to the Court's "proposed findings of fact and conclusions of law" (ECF No. 153). Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Plaintiff's Motion to Vacate is **DENIED**.

**I. BACKGROUND**

The underlying facts and procedural history of this matter are set forth in the Court's prior opinions: (1) granting Defendants' and denying Plaintiff's motions for summary judgment, dated March 16, 2017 (ECF No. 126) and (2) denying Plaintiff's Motion for Reconsideration of the March 16, 2017 Order and Opinion (ECF No. 150). While the underlying facts giving rise to this litigation are not relevant to Plaintiff's Motion, Plaintiff

relies on portions of the state court guardianship proceeding, which the Court summarized in its March 16, 2017 Opinion. The Court incorporates the procedural and factual recitations set forth in the prior opinions and supplements them with the following background pertinent to this matter.

A guardianship proceeding for Plaintiff's husband, Aung Min, was commenced in the Superior Court of New Jersey, Chancery Division, Probate Part, Middlesex County, Docket Number 235478. (*See* Certification of Michael John Stone, Esq. (ECF No. 106-1), Ex. A (Middlesex County Board of Social Services Answers to Interrogatories) at 8.) Ultimately, the application was granted by the Middlesex County Surrogate, Hon. Frank M. Ciuffani, P.J.Ch., and Gary Ben Cornick, Esq., was named as the temporary guardian of Aung Min and Ann L. Renaud, Esq., appointed as counsel to represent Aung Min's interests. (*Id*. at 10.) Judge Ciuffani held an initial hearing on March 9, 2012. (*Id*.) Plaintiff appeared *pro se* to contest the guardianship, but was not a party to the matter. (*Id*.) On March 13, 2012, Judge Ciuffani indicated that Aung Min was incapacitated but continued the hearing to determine if Plaintiff could arrange to transport Aung Min to Monserrat. (*Id*.) On April 13, 2012, Judge Ciuffani executed a Judgement of Incapacity and Order Appointing the Public Guardian as the Guardian of Aung Min, stating, "Aung Min is an incapacitated person as a result of unsoundness of mind and is incapable of governing himself and managing his affairs and unable to consent to medical treatment." (ECF No. 106-1, Ex. D.) After it was determined Aung Min could, in fact travel, on June 21, 2012, Judge Ciuffani vacated his April 13, 2012 Order for the express purpose of allowing Aung Min "to be discharged from Roosevelt Care Center and relocate to Monserrat with his wife, Monica Min, with the assistance of a home health aide." (ECF No. 106-1, Ex. E.)

On January 16, 2014, Plaintiff and Aung Min[1] commenced this action alleging "defendants' conduct [on January 20, 2012] deprived plaintiffs of life, liberty, and property without due process of law." (ECF No. 1 at ¶ 20.) A Second Amended Complaint was filed on April 23, 2015. (ECF No. 59.)

On August 23 and 25, 2016, Defendants filed motions for summary judgment. (ECF Nos. 106 and 109.) On August 25, 2016, Plaintiff filed a cross-motion for summary judgment. (ECF No. 110.) On September 6, 2016, Plaintiff filed a Motion to Strike Defendants' replies to their motions for summary judgment. (ECF No. 116.) On March 16, 2017, the Court denied Plaintiff's motion to strike, granted Defendants' motions for summary judgment, and denied Plaintiff's motions for summary judgment, finding "Plaintiff [] offered no evidence whatsoever to support her contention that either Plainsboro PD or MCBSS had established an unlawful official custom or policy." (ECF No. 126 at 6-7, 12.)

On March 20, 2017, Plaintiff filed a motion to disqualify the undersigned, which was denied on April 18, 2017. (ECF Nos. 128 and 141.) On March 27, 2017, while the Motion to Disqualify was pending, Plaintiff filed an appeal of the Court's March 16, 2017 Order and Opinion (ECF No. 131), *Birch-Min v. Middlesex Cty. Bd. of Soc. Servs.*, Dkt. No. 17-1670 (3d Cir. 2017), as well as a Petition for a Writ of Prohibition, *In re Birch-Min*, Dkt. No. 17-1827 (3d. Cir. 2017), requesting the Third Circuit order the undersigned to recuse himself. Plaintiff failed to pay the filing fee for the appeal and, on April 26, 2017, it was dismissed. (ECF No. 143.) On June 14, 2017, the Third Circuit denied Plaintiff's petition for a writ of prohibition, which it alternatively construed as a petition for a writ of mandamus, because "Birch-Min's

---

[1] Aung Min passed away on August 18, 2014. (*See* ECF No. 43.) Plaintiff appears as executrix of the estate.

3

allegations appear to rest on the District Court's factual and legal determinations in resolving her case" despite the court "repeatedly stat[ing] that a party's displeasure with legal rulings does not form an adequate basis for recusal." *In re Birch-Min*, 690 F. App'x 795, 796 (3d Cir. 2017) (quoting *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 278 (3d Cir. 2000)). The court further noted, "Birch-Min [did] not identify any other relevant basis for bias or prejudice in seeking the District Judge's removal from the case." (*Id.*)

On May 1, 2017, after the Third Circuit dismissed her appeal[2] but while the Petition was pending, Plaintiff filed a Motion for Reconsideration of the Court's March 16, 2017 Order and Opinion. (ECF No. 144.) Plaintiff's Motion for Reconsideration was based on her allegation that a "disparity" existed "between the facts [the Court] used [in the March 16, 2017 Summary Judgment decision] and those the Plaintiffs [sic] Min already proved, gained judicial approval for, and *submitted* to this US Court." (ECF No. 144 at 1-2.) Therefore, she argued, "the dispute is not just 'merely disagreeing with his decision', but a more serious fundamental dispute of the existence of facts well presented by the Plaintiffs which the Judge falsely distorted to arrive at his denial decision against the Mins and in favor of the Defendants." (*Id.*) She further questioned the Court's ability to dismiss her case without a hearing or oral argument.

On November 28, 2017, the Court denied Plaintiff's Motion for Reconsideration, finding "Plaintiff [did] not assert: (1) there has been an intervening change in the controlling law; (2) there is new evidence available that was not available when the Court granted

---

[2] At this point, Plaintiff's appeal had been dismissed for her failure to pay the filing fee. Plaintiff filed a motion to reopen her appeal, which was denied on June 16, 2017. The Third Circuit gave Plaintiff a final opportunity to supplement her motion to reopen, but she did not submit anything further. *See In re Birch-Min*, Dkt. No. 17-1827 (3d Cir. 2017).

4

Defendants motions for summary judgment, which would have dictated a different ruling; or (3) the March 16, 2017 Opinion contains a clear error of law or fact." (ECF No. 150 at 6 (citing *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014)).) The Court further found Plaintiff's attempts to "argue the Court misunderstood or distorted the facts before it" or to "relitigate the issues previously decided in the March 16, 2017 Order and Opinion" were "not a valid basis for a motion for reconsideration." (*Id.* (citing *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).)

On December 8, 2017, Plaintiff moved to vacate this denial under Federal Rule of Civil Procedure 60, arguing the judgment in favor of Defendants is void and should be vacated because it is based on "false facts presented against them [sic] constituting Fraud [sic]." (Affidavit of Monica Birch-Min (ECF No. 152-1) at 1.)[3]

**II. LEGAL STANDARD**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010)

---

[3] Because Plaintiff's Affidavit is more akin to a legal memorandum, the Court considers it as such.

(quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

III. DECISION

While Plaintiff argues she is entitled to relief under any and all subsections of Rule 60, the Court need not address each of them, as it gleans a single, common argument throughout the Motion. Plaintiff argues Defendants' summary judgment motion, and the Court's subsequent decisions, were based on fraud because Plaintiff already received a favorable "tried and proven . . . final decision" from Judge Ciuffani on June 21, 2012. For reasons unknown, Plaintiff believes the one-page Order Vacating the Judgment of Incapacity and Order Appointing Guardian, dated June 21, 2012, and entered by Judge Ciuffani in the Middlesex County Chancery Division, is dispositive of the case she filed in this district. Perhaps more confusing is Plaintiff's challenge to this Court's Opinion denying her Motion for Reconsideration, where she argues "Judge Martinotti states that he wrote the decision for this trial and the fact finding on March 16, 2016 [sic] which is completely false, because the name is Judge Ciuffani and the date is 6/21/12 not 3/16/16 [sic] by Judge named Martinotti." (ECF No. 152-1 at 3.) It appears Plaintiff is conflating the state and federal cases and believes her complaint, which alleges constitutional claims and which she filed in federal court in 2014 after the guardianship order was vacated, was adjudicated in state court in 2012.[4]

---

[4] Plaintiff's Motion is riddled with references to the alleged dispositive nature of the state court order or demonstrating Plaintiff's misunderstanding. (*See, e.g.*, ECF No. 152-1 at 4 ("The Plaintiffs should not have to request a new trial, because their facts were proven and judged in the original NJ State Court."); *id.* at 5 ("The Original case in NJ State Court with Judge Ciuffani's found facts and decided [sic] . . . voids Judge Martinotti's decision to deny the Mins' facts and presentation for Summary Judgment."); *id.* ("This issue was demonstrated where

6

Plaintiff fails to show the existence of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason justifying relief, as required on a Rule 60 motion. *See* Fed. R. Civ. P. 60(b). The Court reviewed Judge Ciuffani's order in deciding summary judgment (*see* ECF No. 126 2-3), and Plaintiff may not continue to relitigate issues or raise issues that could have been raised previously or on appeal.

Finally, in support of her Motion, Plaintiff filed an "Objection to Order Contrary to Evidence and Previous Finding of Fact." (ECF No. 153.) Nothing therein satisfies Plaintiff's burden under Rule 60. To the extent Plaintiff argues the Court's decisions are an endorsement of Defendants' alleged conduct, that accusation is baseless and further demonstrates Plaintiff's misunderstanding of the legal standards employed by the Court in its prior decisions.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Motion to Vacate is **DENIED**. An appropriate order will follow.

> */s/ Brian R. Martinotti*
> **HON. BRIAN R. MARTINOTTI**
> **UNITED STATES DISTRICT JUDGE**

Dated: May 17, 2018

---

Judge Martinotti erroneously states he made that decision, not Judge Ciuffani on 6/21/12. He reversed original trial judge and change all those facts proven and decided to validate his decision to make the Defendants and Attorneys . . . right and their unlawful unconstitutional procedure no proper when it was thrown out in NJ.").)

Additionally, as with her prior motions, Plaintiff filed an annotated copy of the Court's Opinion denying her Motion for Reconsideration, providing her comments on the Court's Opinion. The Court has reviewed her comments and finds them to be equally unpersuasive and baseless.